UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMBAT ZONE, INC., )<br>)<br>        Plaintiff   ) <br>)<br>v.                              )<br>)<br>)<br>DOES 1-84,               )<br>)<br>        Defendants  ) | Civil Action No. 12-30085-MAP<br><br>ORDER GRANTING PLAINTIFF'S<br>EMERGENCY EX-PARTE MOTION<br>FOR EARLY DISCOVERY |

Upon consideration of Plaintiff's Emergency Motion to Take Early Discovery, Plaintiff's supporting memorandum, and the Declaration of Jon Nicolini attached to Complaint, Plaintiff's motion is hereby GRANTED.  It is further ORDERED as follows:

1. Plaintiff is allowed to conduct immediate discovery on each Internet Service Provider ("ISP") listed in Exhibit A to the Complaint by serving a Rule 45 subpoena ("subpoena") that seeks information sufficient to identify each Doe defendant, including  name, address (present and at the time of infringement), e-mail address, Media Access Control ("MAC") address, and the ISP's terms of service applicable to each defendant.

2. Plaintiff may serve a subpoena also upon any intermediary ISP that may be identified in response to a subpoena as providing Internet services to one or more of the Doe defendants.

3. Plaintiff shall cover any costs that the ISPs charge for researching Doe

1

        defendants.

4. The ISPs are authorized, pursuant to the Cable Privacy Act, 47 U.S.C. § 551(c)(2)(B), to comply with this subpoena, subject to the further conditions set forth in this order.

5. Plaintiff shall use the information obtained by this subpoena solely for the purpose of protecting its rights under the Copyright Act.

6. Plaintiff shall attach a copy of this order to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of this order to each Doe defendant within seven days of service of the subpoena.

7. Plaintiff shall also attach Court Directed Notice Regarding Issuance of Subpoena a copy of which is attached to this order, to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.

8. The ISPs shall not respond to the subpoena until thirty days after it has sent the Notice to each Doe defendant.

9. Any ISP wishing to challenge the subpoena must do so by June 21, 2012.

10. ISPs shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

SO ORDERED.

May 14, 2012

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U. S. Magistrate Judge

# APPENDIX A

**COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA**

A subpoena has been issued directing your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you, among others, have been sued in the United States District Court for the District of Massachusetts in Springfield, Massachusetts (300 State Street, Springfield, MA 01105), as a "John Doe" by the movie studio COMBAT ZONE, INC. You have bee sued for infringing copyrights on the Internet by uploading and/or downloading the motion picture Teen Babysitters #3." The movie studio has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

**YOUR NAME HAS NOT YET BEEN DISCLOSED BY THE ISP. YOUR NAME MAY BE DISCLOSED BY THE ISP IN 30 DAYS IF THE ISP AND/OR YOU DO NOT CHALLENGE THE SUBPOENA.**

Your name has not yet been disclosed by the ISP. The movie studio Plaintiff has given the court enough information about your alleged infringement to obtain a subpoena to identify you, but the court has not yet decided whether you are liable for infringement. It is not yet certain that the ISP will itself challenge the subpoena. However, you yourself can challenge the subpoena in court. You have 30 days from the date that this notice is sent to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the movie studio Plaintiff cannot proceed against you until you are identified). The second page of this notice can assist you in locating an attorney and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 30-day period, your ISP is free to send the movie studio Plaintiff your identification information.

**OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU**

To maintain a lawsuit against you in the District Court of Massachusetts, the movie studio Plaintiff must establish jurisdiction over you in Massachusetts. If you do not live or work in Massachusetts, or visit the state regularly, you may be able to challenge the court's jurisdiction. If your challenge is successful, the case in Massachusetts will be dismissed, but the movie studio Plaintiff may be able to file against you in another state where there is jurisdiction.

The motive studio Plaintiff may be willing to discuss the possible settlement of its claims against you. You may be asked to disclose your identity to the movie studio Plaintiff if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. You may contact the movie studio Plaintiff's representatives by

phone at (413) 268-6500, or by e-mail at contact@marvincable.com.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

**RESOURCE LIST**

The organizations listed below provide guidance on how to find an attorney.

**American Bar Association**
http://apps.americanbar.org/legalservices/findlegalhelp/home.cfm

**Massachusetts Bar Association**
http://www.massbar.org
Lawyer referral service: (617) 338-0610

**Boston Bar Association**
http://www.bostonbar.org
Lawyer referral service: (617) 742-0625

**Hampden County Bar Association**
http://www.hcbar.org
Lawyer referral service: (413) 732-4648

The organizations listed below have appeared before other courts around the country in similar lawsuits as "friends of the court" to attempt to protect what they believe to be the due process and First Amendment rights of Doe defendants.

**Electronic Frontier Foundation**
454 Shotwell Street
San Francisco, California  94110-1914
E-mail: information@eff.org

**Public Citizen**
1600 20th Street, NW
Washington, DC  20009
Phone: (202) 588-7721
E-mail: litigation@citizen.org