# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

---

Combat Zone Corp.

v.                                                    Civil Action No. 12-CV-30085-MAP

DOES 1-84

---

## MOTION TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA

Pursuant to Federal Rules of Civil Procedure 20, 26 and 45, John Doe moves to dismiss/sever for improper joinder. In the alternative, John Doe moves to quash the third-party subpoena and /or a protective order.

### INTRODUCTION

1) Plaintiff alleges that defendants infringed on Plaintiff's copyright through an Internet Protocol ("IP") address allegedly belonging to the Defendants. Plaintiff's subpoena requests third-party ISP Time Warner Cable/Roadrunner to disclose identifying personal information of John Does 1-84. As explained below, the Court should sever and dismiss the Defendants for improper joinder and require that the Plaintiff re-file severed cases, if it chooses to do so, in the appropriate venue. Alternatively, the Court should quash the subpoena and/or issue a protective order precluding Plaintiff from pursuing such burdensome discovery.

2) In this instance, cases such as these have been filed all over the United States. A pornographic film production company files a civil case against multiple mis-joined defendants without any intention of litigating the matter. Instead, using the threat of statutory damages and the damaging effect of being named in a federal case related to downloading pornographic movies, the Plaintiff pressures each potentially individual defendant to settle their case for an amount specifically designed to be less that the amount needed to retain counsel. See Michael Roberts, BitTorrent Motion Alleges Legal Business Model Targeting Porn Downloaders, Denver Westword, September 16, 2011.

3) Plaintiff's motion to compel Internet Service Providers ("ISP's") to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

4) It appears that similar civil actions have been filed throughout the United States against thousands of defendants in which there have been negative rulings. It would seem that the Plaintiff has disregarded these rulings in the filing of such lawsuits and the Court should not allow such actions against the defendants.

5) Plaintiffs request for personal information is overbroad, unreasonable, unduly prejudicial and not reasonably calculated to lead to the discovery of admissible evidence and sought for the purposes of annoyance, embarrassment, harassment, oppression and undue burden and expense in violation of the Federal Rules of Civil Procedure.

6) As such, the Plaintiff is not entitled to relief for the following:

   a. **FIRST**, the joinder of multiple defendants is improper under Federal Rule 20(a) and runs the risk of denying individual justice to those being sued. Defendants state that the Plaintiff is using the Court system to extricate settlements from Defendants and is abusing the procedural rules to avoid the cost of filing individual lawsuits.

   b. **SECOND**, Plaintiffs effort to identify potential infringers through an IP address is overbroad, unreasonable and not reasonably calculated to lead to the discovery of admissible evidence. The personal information associated with a single IP address only identifies a subscriber to the ISP's services and not a specified individual. It is quite possible that another party within close proximity to the user could use the IP to download material. In addition, the accuracy of identified IP addresses is to be questioned. Often, users will use different IP addresses other than their own when downloading material. Plaintiffs subpoena should be quashed as it has been brought for the sole purpose of annoyance, embarrassment, harassment, oppression and undue burden and expense. The Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under the threat of statutory damages and the stigma of being associated with pornographic films.

7) John Doe requests the Court sever the Defendants. In addition, John Doe requests that the Court issue a protective order and/or quash the subpoena.

## ARGUMENT

### I.   Plaintiff's Expedited Discovery Fails to Satisfy Momenta Factors.

When determining whether to permit expedited discovery, the Court considers factors such as "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the Plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." Momenta Pharms., Inc. v. Teva Pharms. Indus., 765 F.Supp 2D 87,89 (D.Mass. 2001) (quoting McMann at 265).

### 1.   Purpose.

The Plaintiffs reasons for seeking discovery are not based upon measures for further pursuing a suit; rather the Plaintiff is using the Court to identify defendants in an effort to obtain information

useful to coerce and force settlement. "The Plaintiff seemingly has no interest in actually litigating the case, but rather simply has used the Court and its subpoena powers to obtain sufficient information to shake down the John Does." *Third Degree Films v. Does*, No. 12-cv-00349-JFM, 2012 U.S. Dist. LEXIS 48417, 7-8 D.Md. April 4, 2012.

## 2.      Irreparable Harm.

Recognizing that there is no irreparable harm, the Plaintiff has taken no injunctive action to protect their rights. The Plaintiff does not know against whom to bring its claim or that expedited discovery will provide them with said information.

## 3.      Burden on John Doe

"The Plaintiff's subpoena may invade the anonymity of non-infringing internet users, an anonymity that deserves the protection of the Court." The Plaintiff's established record of litigation strongly suggests that it is utilizing the Court to obtain John Doe's private information to attempt to influence settlement." See *London-Sire Records, Inc. v. Doe* 1, 542 F.Supp. 2D 153, 158 (D. Mass. 2008).

## 4.      Likelihood of Success on the Merits.

Without knowledge that John Doe is the actual infringer, the likelihood that the Plaintiff's claim against John Doe would succeed on the merits is very slim.

## II. Plaintiff's Subpoena is Improper and Must be Quashed

Plaintiff's subpoena must be quashed because it is overly broad and unreasonable and was used for the sole purpose of annoying, harassing, embarrassing, and causing undue burden and expense.

### a.      Plaintiff's Subpoena Seeks Information Relating to Innocent Individuals

Plaintiff's subpoena improperly seeks information relating to IP addresses of individuals that potentially have nothing to do with any infringement activities. Plaintiff improperly suggests that each Defendant is tied uniquely to a specific IP address. This is not the case. An IPO address can only identify a subscriber to and ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the subpoena. In a related case, a Plaintiff's inaccurate portrayal of the facts required to identify was , *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the plaintiff was forced to admit that this information was legally insufficient, and is really just a starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the plaintiff's argument as follows:

"While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network."

As a result:

"Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys."

*Id.* At 6-7 (rejecting plaintiff's discovery requests because "presumably, every desktop, laptop, smartphone and tablet in the subscriber's residence, and perhaps any residence of any neighbor, house guest, or other sharing his internet access, would be "fair game") (internal quotation marks and citations omitted). Thus granting Plaintiff the form of relief that it seeks would impermissibly allow Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individual that Plaintiff could never make party to this suit and subject them to onerous, invasive discovery and/or settlement tactics. *Pacific Century Int'l Ltd. V. Does* 1-101, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6(N.D. Cal. Oct 27, 2011).

### b.  Plaintiff Subpoena is designed to Improperly Embarrass Defendants into Settlement

The subpoena must be quashed for the additional reason that plaintiff is utilizing Court procedures to extort settlements and potentially innocent individuals. These mass-copyright plaintiffs harass potentially innocent individuals with threats of statutory damages and legal fees and embarrass them by naming them as defendants and actions for copyright infringement of adult pornographic videos. Courts addressing these pornographic movie infringement cases have expressed concern about such abuse of settlement tactics. *Pac. Century Int'l. Ltd. V. Doe* 201, US Dist. LEXIS 124518, at 9 (N.D. Cal Oct. 27, 2011); *On The Cheap, LLC v. Does* 1-501, No. 10 – 4472 – BZ 2011 US Dist. LEXIS 99831, 2011 WL 4018258, at 11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics resulted in the defendants being left with the "decision to either except plaintiffs demand or incur significant expense to defend themselves" and such does not "comport with the principles of fundamental fairness"). The Court in *On The Cheap* recognized that the individuals identified by the ISP whether guilty of copyright infringement or not would then have to decide whether to pay money to retain legal assistance or pay the money demanded which creates great potential for a coercive and unjust settlement." *On The Cheap* LLC, 2011 US Dist. LEXIS 99831, at 11.

### III. Plaintiffs joinder of 84 Unrelated Defendants In This Action is Improper

In its Complaint, Plaintiff improperly joined as Defendants 84 unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. In almost every case the pertinent court determined that joinder was improper and severed and dismissed all but the first defendant[1]. It is clear the plaintiff is now hoping to get a contrary ruling in this court. However, there is no basis for this approach. A favorable ruling to the plaintiff will almost certainly result in an avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing the adult entertainment industry who seek to perpetuate the current legal strategy.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. Rule. Civ.P. 20)a)(2). Where misjoinder occurs, the court, may on just terms add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holding's LLC, v. Does* 1 – 91, No. C11–3067 CW, 2011 US Dist. LEXIS 1262255, *5 (N.D. Cal. Nov. 1, 2011.) Here as in the plethora of identical cases around the country joinder is not appropriate for two reasons: (1) Defendant's actions do not arise out of the same transaction or occurrence and (2) permitting joinder would undermine Rule 20(a's) purpose of judicial economy and trial convenience.

#### a.   Use of the "Bit Torrent Protocol" is Insufficient to Warrant Joinder.

Plaintiff's sole alleged basis for joinder- it's explanation of the "Bit Torrent Protocol" is without merit.   In fact nothing in the Bit Torrent Protocol creates a relationship amongst the hundreds of defendants residing in all different parts of the country.   As one court concluded in an identical case:

"Under the Bit Torrent Protocol it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of the work at issue or even participated in or contributed to the downloading by and of the Does 1–188. ... The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world."

_____

[1]See, *e.g. Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 126333, *1-9 (S.D. Fla. Nov. 1, 2011)(severing defendants *sua sponte*); *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 135847 (S.D. Fla, Nov. 1, 2011)(severing defendants *sua sponte*); *AF Holdings, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011)(severing defendants 2-97) *Hard Drive Productions, Inc. vs. John Does 1-30*, No 2:11ev345, 2011 U.S. Dist. LEXIS at *6-10 (N.D. Pa Nov. 1, 2011)(severing defendants 2-97); *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004)(severing lawsuit involving 201 defendants); *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb 27, 2008)(severed lawsuit against 38 defendants); *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006)(court *sua sponte* severed defendants).

*Hard Drive Productions Inc. v. Does* 1–188, 2011 U.S. Dist. LEXIS 94319 at \*38–39 (N. D. Cal. Aug. 12, 2011; *On The Cheap LLC v. Does* 1–5011 2011, U.S. Dist. LEXIS 99831 at \*10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants.)

Plaintiff attempts to create the illusion that Defendants made a concerted effort to share their copyrighted material. This representation is misleading. Even though Plaintiff claims that Defendants downloaded the same file, it has not alleged that Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another. See, e.g. MCGIP, LLC v. Does 1–149, 2011 U.S. Dist. LEXIS 108109, at \*7 (N.D. Sept. 16, 2011) (finding mis-joinder where the plaintiff failed to show that any of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does* 2–52 2011, U.S. Dist. LEXIS 86746, at \*4 (N.D. Cal. Aug. 5, 2011) finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiffs work with any other particular defendant); *Hard Drive Productions Inc. v. Does* 1– 90, Case No. C11–03825 HRL, March 30, 2012 "Using the Bit Torrent Protocol, Peers do not choose which pieces are downloaded and uploaded (this is determined by the code in the torrent file) nor do they choose the peers to and from whom they send and receive pieces.") This clear lack of concerted effort on the part of the Defendants is dispositive of Plaintiff's joinder argument.[2]

## b. **Joinder Undermines Judicial Economy**

Joinder is also improper because it would cause severe practical problems. As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent who's Internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiffs works, and others might be actual thieves. BMG, 2004 WL 953888, at 1 ("wholesale litigation of these claims is inappropriate..."). The manageability difficulties, procedural inefficiencies, and the likelihood that defendants will assert myriad factual and legal defenses compel severance." *Pac.Century Int'l. LTD v. Doe*, 2011, U.S. Dist. LEXIS 124518, at \*11 (N.D. Cal. Oct. 27, 2011) ("An Internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."). Allowing joinder in this case would involve 84 defendants each potentially proceeding with counsel or pro se, and an additional ISP; who may also participate in this case. See, e.g. *Hard Drive Productions v. Does* 1–188, 2011, U.S. Dist. LEXIS 94319, at 40–42 (N.D. Cal. Aug. 23, 2011) (Finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving a large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).

---

[2] Any argument that the joinder issue can be resolved at a later state in the litigation is also without merit. *Hard Drive Productions v. Does* 1-87, No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS 119028, \*3-4 (N.D. Cal. Oct. 14, 2011)("it is highly unlikely that [this court] would permit such extensive discovery and invasive discovery of non-parties to determine the identity of the Doe Defendants.")

## CONCLUSION

To quote the Honorable Judge Howard R. Lloyd (N.D. California) in a near-identical case, "the court will not assist the plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net). Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting "settlement" payments from persons who may or may not be infringers. This, the court is not willing to do.". *Hard Drive Productions, Inc. v. Does 1 – 90*, Case No. C11 – 03825 HRL, March 30, 2012

http://ia600706.us.archive.org/14/items/gov.uscourts.cand.243765/gov.uscourts.cand.243 765.18.0.pdf

In E.D. of Virginia, the Honorable Judge Thomas Rawles Jones, Jr. consolidated eight of this Plaintiff's separate cases and severed all but the first Doe defendants for each case. See *Malibu Media, LLC v. Does* (Case no. 1:12–CV–00159–CMH–TRJ), *Malibu Media, LLC v. John Does 1 – 26* (Case no. 1:12–CV–00160–CMH–TRJ), *Malibu Media, LLC v. John Does 1 – 26* (Case no. 1:12–CV00161–CMH–TRJ) *Malibu Media, LLC v. Does* (Case no. 1:12-CV –00162–CMH–TRJ), *Malibu Media, LLC v. John Does* 1– 15 (Case no. 1:12–CV–00163– CMH–TRJ), *Malibu Media, LLC v. Does* (Case no. 1:12–CV–00164–CMH-TRJ), *Malibu Media, LLC v. John Does* 1–27 (Case no. 1:12–CV–00165–CMH–TRJ), *Malibu Media, LLC v. John Does* 1–26 (Case no. 1:12–CV 00161–CMH–TRJ), 1-8 (Case no. 1:12–CV–00166– CMH –TRJ).

Defendant John Doe has not provided his Doe# out of fear of overly aggressive retaliation by Plaintiff against John Doe for filing this motion. John Doe wishes to avoid unnecessary harassment of John Doe's family, neighbors, and anyone else who may become victim to Plaintiff's predatory and invasive tactics.

Defendant John Doe requested that the Court sever and dismiss all defendants and require Plaintiff to bring individual actions against each Defendant, if he chooses to do so, in the appropriate venue. Defendant John Doe further requests that the Court quash the Subpoena and grant any further relief that it deems appropriate.

Respectfully submitted,

Jedd L. Hall
Attorney for Does 1-84
PO Box 144
Lenox Dale, MA 01242
413-329-4339
BBO# 636000

## CERTIFICATE OF SERVICE

I, Jedd L. Hall, of PO Box 144, Lenox Dale, MA 01242, attorney for the Defendant, hereby certify that I, this day, June 30, 2012, sent via first class mail the enclosed along with an appearance of counsel for the Plaintiff to Marvin Cable, 73 Bridge Street, Suite #6, Northampton, MA 01060.

Jedd L. Hall