UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**COMBAT ZONE, INC.,**

*Plaintiff,*

v.

**DOES 1 – 84,**

*Defendants.*

*Case No.*: **3:12-cv-30085**

**JOINT STATEMENT TO COURT**

At the advice of his Counsel, John Doe 80 ("JD80") settled his case with Plaintiff to avoid the legal fees associated with continued defense in this case and a similar case (12-CV-10803-DPW) in which a hearing was ordered. Hours before JD80's Counsel was to appear for a hearing, in another similar case (12-CV-10803-DPW), JD80 reasoned that settling both of his cases at the same time was in his best interest. Therefore, at the request of JD80, under the advisement his Counsel, Plaintiff agreed to settle his case.

Later, on November 25, 2012, Plaintiff filed a notice of voluntary dismissal with prejudice of its claims against JD80. On November 26, 2012, this Court ordered Plaintiff to file "a statement explaining the circumstances surrounding the dismissal of its claims against John Doe 80, including whether such a dismissal was the result of settlement and, if so, why such a settlement does not violate the Court's October 4, 2012 Order." (ECF #70). This October Order "prohibited" the Plaintiff "from using in any way, including but not limited to settlement, the identities of the subscribers it has already obtained (or does obtain) as a result of the subpoena process."

First, Plaintiff submits this statement jointly with Counsel for JD80. The actions by both

parties were intended to adhere to the Court's Order, but also protect the best interests of both parties in both cases.

The circumstances surrounding JD80's situation, are different from other John Does in this case, but not unique – many John Does are involved in other similar cases in this District. Many John Does, like JD80 are alleged to have used the same IP address to infringe copyrights.

The other case JD80 was involved with also approved an early discovery order, in a similar process to the one in this case. JD80's IP address identified him in both cases. Often when a John Doe contacts the Plaintiff's Counsel, Counsel for the Plaintiff will alert a John Doe, or his or her counsel, to the alleged use of the same IP address to violate other copyrights in other cases in this District, even in cases where the subpoena process has not been approved in those other cases. John Doe may choose to use this information in whatever fashion, in assessing the potential upcoming claims against him, as was done here.

Further, JD80's Counsel was aware of the Order in this case. At JD80's urging, both cases were negotiated and settled at an amount acceptable to JD80 to avoid ongoing legal defense costs. Both cases were negotiated and settled at the same time as JD80 did not wish to leave one case pending. Defense counsel's time spend negotiating both settlements easily included both matters with no additional costs to JD80. In the event, this Courts Order was to discourage settlements altogether, Plaintiff is ready to return the settlement sum for the given case. However JD80, through counsel, respectfully requests that the settlement is allowed and Plaintiff's Voluntary Dismissal is accepted by the Court.

*Respectfully submitted on December 7, 2012,*

- 3 -

| | |
|---|---|
| /s/ Justin C. Mikowski<br>Justin C. Mikowski, Esq. BBO# 678595<br>Mikowski & Leonard, LLC<br>60 State Street, Suite 700<br>Boston, MA 02109<br>E: Justin@MLAttorneysatLaw.com<br>P: 617-651-1150<br>F: 617-300-8940<br><br>COUNSEL FOR DEFENDANT | /s/ Marvin Cable<br>Marvin Cable, BBO#:  680968<br>Law Offices of Marvin Cable<br>P.O. Box 1630<br>Northampton, MA 01061<br>E: law@marvincable.com<br>P: (413) 268-6500<br>F: (888) 691-9850<br><br>ATTORNEY FOR PLAINTIFF |

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

Marvin Cable, Esq.