UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
COMBAT ZONE, INC.,                      )
                                        )
            Plaintiff,                  )
                                        )
                  v.                    )        Civil Action No. 12-30085-MAP
                                        )
DOES 1-84,                              )
                                        )
            Defendants.                 )
_____)

## ORDER SANCTIONING PLAINTIFF'S COUNSEL

February 20, 2013

Boal, M.J.

On October 4, 2012, this Court entered an order to show cause why subpoenas issued in this case should not be quashed and ordered, inter alia, that "[plaintiff], its counsel and its agents are prohibited from using in any way, including but not limited to settlement, the identities of the subscribers it has already obtained (or does obtain) as a result of the subpoena process, *except* that within three days, [plaintiff] shall serve a copy of this Order upon all of the subscribers whose identities it has learned to date (and such further subscribers, if any, it learns of in the future as a result of the already issued subpoenas)."  Docket No. 64.

On November 25, 2012, plaintiff filed a notice of voluntary dismissal with prejudice of its claims against defendant John Doe 80.  Docket No. 69.  Given the Court's October 4, 2012 Order, the Court ordered the plaintiff to file, no later than December 10, 2012, a statement explaining the circumstances surrounding the dismissal of its claims against John Doe 80, including whether such a dismissal was the result of settlement and, if so, why such a settlement

does not violate the Court's October 4, 2012 Order.

On December 7, 2012, plaintiff and John Doe 80 filed a joint statement.  Docket No. 71.
In the joint statement, plaintiff and John Doe 80 stated that John Doe 80 was also named as a
defendant in a similar case pending before another judge.  Docket No. 71 at 1.  John Doe 80,
who was represented by counsel, reasoned that settling both cases at the same time was in his
best interest.  Id.  Plaintiff also stated that "[i]n the event, this Courts [sic] Order was to
discourage settlements altogether, Plaintiff is ready to return the settlement sum for the given
case.  However, JD 80, through counsel, respectfully requests that the settlement is allowed and
Plaintiff's Voluntary Dismissal is accepted by the Court."  Id. at 2.

On January 10, 2013, the Court held a hearing on this matter.  Plaintiff's counsel,
Attorney Marvin Cable, acknowledged that he violated the Court's October 4, 2012 order.
Attorney Cable stated that the violation, however, was a mistake in that he forgot about the
October 4, 2012 order when he entered into a settlement agreement with John Doe 80.

The Court finds that Attorney Cable violated the Court's order.  The Court in no
uncertain terms prohibited the Plaintiff from settling any further cases.  Attorney Cable's
forgetfulness does not establish an adequate excuse for his violation of the order.  He is
responsible for being aware of all orders and for complying with them.  The Court recognizes
that John Doe is represented by counsel and wishes to resolve any claims against him.[1]
However, Attorney Cable could and should have filed a motion for permission to settle the
claims against John Doe 80 before he did so.  Accordingly, the Court believes that Attorney

---

[1] Counsel for John Doe 80 attended the January 10, 2013 hearing and stated that his client
wished for the settlement to stand.

Cable should be sanctioned for his conduct.

Rule 37 of the Federal Rules of Civil Procedure allows a court to sanction parties or counsel for disobeying orders "to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A). The reach of Rule 37 appears broad.  For example, courts have found Rule 37 applicable to violations of protective orders.  See, e.g., Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012); Trenado v. Cooper Tire & Rubber Co., 274 F.R.D. 598, 600-601 (S.D. Tex. 2011) (collecting cases).  The Court finds that Attorney Cable's conduct constituted a violation of a discovery order in that it was issued in connection with the Plaintiff's Rule 45 subpoenas.

Rule 37 provides a "'veritable arsenal of sanctions' in the context of discovery." Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir. 2012) (citations omitted). "[T]he goal of a sanction is to both penalize wrongful conduct and to deter future similar conduct by the particular party and others 'who might be tempted to such conduct in the absence of such a deterrent.'" Id. (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

With that goal in mind, the Court finds that an amount equal to Attorney Cable's fee in connection with the settlement is an appropriate sanction under the circumstances.  It is the Court's understanding that the majority of these cases employ a contingency fee structure whereby the attorney's fee equals a percentage of the settlement amount, sometimes as high as 70 percent.  See Third Degree Films v. Does 1-47, 268 F.R.D. 188, 197 (D. Mass. 2012) (citations omitted).  An appropriate sanction should mirror Attorney Cable's fee that resulted from his violation of the Court's order.  Accordingly, Attorney Cable shall, no later than March

6, 2013, return to John Doe 80 an amount equal to his fee in connection with the settlement of this case.[2]  Should Attorney Cable not have a contingency fee agreement with the Plaintiff in this case, then he shall return to John Doe 80 an amount equal to 30% of the settlement amount in this matter.

This Order is not intended to disturb the contents or the finality of the settlement with John Doe 80.  The Court is simply using the settlement amount as a basis for calculating the appropriate sanction in this case.

Attorney Cable shall file, no later than March 13, 2013, an affidavit certifying compliance with this order.

SO ORDERED.[3]

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

_____

[2] The Court recognizes that the settlement involved two cases, only one of which was covered by this Court's order.  Accordingly, the sanction shall equal the fee associated with this case only.

[3] The parties are advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir 1993).