UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


COMBAT ZONE, INC.,              )
        Plaintiff              )
                               )
                v.             )   C.A. NO. 12-cv-30085-MAP
                               )
DOES 1-84,                     )
        Defendants             )


MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS OR SEVER,
AND ORDER ON MOTIONS TO QUASH SUBPOENAS
(Dkt. Nos. 9, 10, 11, 12, 16, 23, 31, 46 & 80)

March 14, 2013

PONSOR, U.S.D.J.

The background facts to this dismal litigation are set forth in scrupulous detail in the Memorandum of Magistrate Judge Jennifer C. Boal (Dkt. No. 80).[1] The nature of the litigation strategy of Plaintiff's counsel necessitated a messy flurry of combined dispositive and non-dispositive motions in response by Defendants' counsel.  Judge Boal's memorandum deftly addresses motions in both categories. Some of the motions in this case seek a remedy of severance

---

1 See generally Third Degree Films v. Does 1-47, 286 F.R.D. 188 (2012) (Young, J.); Third Degree Films v. Does 1-72, No. 12-10760-FDS, 2012 WL 5464177 (D. Mass. Nov. 5, 2012) (Saylor, J.); Malibu Media, LLC v. John Does 1 Through 10, No. 2:12-cv-3623-ODW(PJWx), 2012 WL 5382304 (C.D. Cal. June 27, 2012).

or dismissal.  See, e.g., Dkt. No. 23.  Judge Boal's recommendation as to these dispositive motions, or dispositive aspects of pending motions, is to advise that the motions to sever be allowed, except as to the first Defendant identified in this case as Doe 1, and that Does 2-84 be dismissed without prejudice to the cases being re-filed individually.  No objection has been filed to this Report and Recommendation.

Having reviewed the substance of the Report and Recommendation and finding it meritorious, and noting that there is no objection, the court, upon de novo review, hereby ADOPTS the Report and Recommendation (Dkt. No. 80). All pending motions to sever, or portions of motions seeking severance, are hereby ALLOWED, and any pending motion to dismiss is hereby ALLOWED as to all Defendants except Doe 1. The exceptions to this ruling are Doe 14, Doe 27, Doe 51, Doe 59, Doe 68, Doe 69, Doe 71, Doe 80, and Doe 83, who have already been dismissed with prejudice.  The upshot of this ruling is that Doe 1 will remain the only Defendant in this case.

Judge Boal's memorandum also ruled on the pending Motions to Quash, or portions of motions seeking to quash, eighty-four (84) subpoenas issued in this case.  This ruling on pending non-dispositive motions became final when

Plaintiff failed to seek reconsideration in accordance with the applicable rules.  Based on Judge Boal's memorandum, all eighty-four (84) subpoenas in this case have been quashed. In addition, the court must observe that it presumes that Plaintiff has fully complied, upon pain of contempt, with the orders issued by Judge Boal in connection with her ruling quashing the subpoenas, as set forth in Paragraphs 2 and 3 at page 15 of her Order (Dkt. No. 80).

In sum, the court hereby ADOPTS the Report and Recommendation. (Dkt. No. 80.)  Accordingly, Docket Numbers 9, 10, 11, 12, 16, 23, 31, and 46 hereby are or, by operation of Judge Boal's ruling, have been ALLOWED.  The sole exception to dismissal is Doe 1.  However, any subpoena issued in connection with Doe 1 has been quashed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge